**UNITED STATES of America,**

**v.**

**Nicole RICHARDSON, Defendant.**

Crim. A. No. 91–00207–003.

United States District Court, S.D. Alabama, Southern Division.

Nov. 1, 1994.

Kevin M. Schad, Cincinnati, OH, for defendant.

Gloria A. Bedwell, Asst. U.S. Atty., Mobile, AL, for plaintiff.

### ORDER

HOWARD, District Judge.

This matter is before the Court on Defendant Nicole Richardson's Motion for Resentencing Pursuant to 18 U.S.C. Section 3582(c)(2) [Doc. # 43] and the Government's Response to Defendant's Motion. [Doc. # 45]. After considering Defendant's Motion and Brief in Support and the Government's Response, the Court **DENIES** Defendant's Motion to Resentence.

## I. FINDINGS OF FACT

Defendant was convicted by a jury in this Court on January 15, 1992, of one count of conspiracy to possess with the intent to distribute lysergic acid diethylamide (LSD), in violation of 21 U.S.C. Sections 841(a) and 846 and one count of possession with the intent to distribute LSD, in violation of 21 U.S.C. Section 841(a)(1). Sentencing was held be-

fore the Court on March 16, 1992. The Court found that the overall offense involved 2,700 doses of LSD calculated to 21.19 grams of LSD. The Court sentenced Defendant to 120 months pursuant to the minimum mandatory sentence prescribed by 21 U.S.C. Section 841(b)(1)(A)(v) ("MMS") requiring a minimum sentence of 120 months for a conviction involving more than 10 grams of LSD.

## II. CONCLUSIONS OF LAW

On November 1, 1993, the United States Sentencing Commission amended the Sentencing Guidelines with regard to the calculation of the weight of LSD. *See* United States Sentencing Guidelines ("U.S.S.G.") Section 2D1.1(c) (1993) ("Amendment 488"). Amendment 488 instructs that "in the case of LSD on a carrier medium (e.g., a sheet of blotter paper), do not use the weight of the LSD/carrier medium. Instead, treat each dose of LSD on the carrier medium as equal to 0.4 mg of LSD for the purposes of the Drug Quantity Table." U.S.S.G. Section 2D1.1(c) (1993). A typical single dose of pure LSD is estimated to weigh .05 mg. *See* U.S.S.G. Section 2D1.1, comment. (n. 10) (Typical Weight Per Unit Table) (1990). The Defendant moves the Court to recalculate the amount of LSD involved using the 0.4 mg standard weight as mandated by Amendment 488 to the U.S.S.G. Such a recalculation would result in Defendant being responsible for 1.08 grams of LSD, well below the minimum mandatory criteria of 10 grams. The Court **DENIES** the Defendant's motion to recalculate because the Court **FINDS** that Amendment 488 of the U.S.S.G. cannot amend the calculation formula established by Congress for the criteria by which to determine the minimum mandatory sentence.

The MMS provides for a mandatory minimum of 10 years imprisonment for a violation of 21 U.S.C. Section 841(a) involving "10 grams or more of a *mixture or substance* containing a detectable amount of [LSD]." (emphasis added). The Supreme Court of the United States has interpreted the meaning of "mixture and substance." *Chapman v. United States,* 500 U.S. 453, 468, 111 S.Ct. 1919, 1929, 114 L.Ed.2d 524 (1991).

We hold that the statute requires the weight of the carrier medium to be included when determining the appropriate sentence for trafficking in LSD, and this construction is neither a violation of due process, nor unconstitutionally vague.

*Id.* at 468, 111 S.Ct. at 1929. In the matter before this Court Defendant moves the Court to ignore the clear interpretation of the Statute by the Supreme Court of the United States. The Defendant argues that Amendment 488 gives the Court authority to recalculate the amount of LSD involved. The Court disagrees. The issue of recalculating the weight of LSD based on Amendment 488 is a new one, addressed to date by only the United States Court of Appeals for the First Circuit and the Court of Appeals for the Eighth Circuit. The First Circuit held that Amendment 488 does not override the MMS and the Eighth Circuit held that Amendment 488 does apply to the MMS. For the reasons stated below, the Court follows the reasoning and holding of the First Circuit.

> [T]he LSD quantity calculation is controlled by *Chapman* for MMS purposes and by Amendment 488 for GSR (Guidelines Sentencing Range) purposes. ... The Supreme Court in *Chapman* concluded that Congress intended, *at the time it enacted the MMS statute in 1986, see* Anti–Drug Abuse Act of 1986, Pub.L. 99–570, 100 Stat. 3207 (1986), that the pivotal term "mixture or substance containing a detectable amount" of controlled substance required the sentencing court to include the *entire weight* of the LSD *and* its carrier medium.

*United States v. Boot,* 25 F.3d 52, 54–55 (1st Cir.1994) emphasis in original (quoting *Chapman,* 500 U.S. at 461, 111 S.Ct. at 1925). The First Circuit held that "[u]ntil the Supreme Court or the Congress revisits the issue, *Chapman* governs the meaning of the term 'mixture and substance' in 21 U.S.C. § 841(b)(1)(B)(v)...." *Id.* at 55. Until Congress affirmatively acts to alter the meaning given to the term "mixture and substance" or the Supreme Court or the United States Court of Appeals for the Eleventh Circuit determines otherwise, this Court's original calculation of the amount of LSD involved,

using the weight of the LSD and of the blotter paper, must stand.

■ The Court finds the reasoning of the Court of Appeals for the Eighth Circuit in *United States v. Stoneking,* 34 F.3d 651 (8th Cir.1994) to be flawed. The Eighth Circuit correctly notes that "when a statute and a Guideline conflict, the statute controls." *Id.* at 652. However, the Eighth Circuit is incorrect in stating that the MMS and the Guideline do not conflict. The Eighth Circuit held that

> Far from overriding the applicability of *Chapman's* "mixture or substance" approach, Amendment 488 merely provides a uniform methodology for calculating the weight of LSD and its carrier medium— the "mixture" or "substance" containing a detectable amount of LSD.

*Id.* at 653. However, one of the issues raised in *Chapman* was whether the non-uniform methodology of MMS for calculating the amount of LSD violated the Constitution. The Supreme Court held "[t]hat (the fact that) distributors of varying degrees of culpability might be subject to the same sentence does not mean that the penalty system for LSD distribution is unconstitutional." *Chapman,* 500 U.S. at 467, 111 S.Ct. at 1929. Therefore, the Court specifically defined "mixture or substance" to mean the weight of both the actual carrier medium and the drug even though such calculation is not uniform. The uniformity presented by Amendment 488 if applied to the Statute would conflict with *Chapman.*

The Eighth Circuit held that *Chapman* is not disturbed by Amendment 488 because the 0.4 mg uniform weight for LSD is eight times heavier than the weight of pure LSD; therefore, the uniform weight does include the "mixture or substance." This Court disagrees. *Chapman* holds that the weight of the "mixture or substance" at issue in the matter before the sentencing court is the amount used for the purposes of MMS. The weights will vary with each case. If the weight of the carrier medium and the LSD involved in the matter before the sentencing court is less than or more than eight times heavier than pure LSD and the sentencing court uses the 0.4 mg measurement of the

USSG, the sentencing court would violate the unambiguous wording of the statute and fail to follow the holding of the Supreme Court.

### III. CONCLUSION

Amendment 488 does not apply to the Mandatory Minimum Statute. The United States Sentencing Commission cannot amend an act of Congress. The Court will not calculate the weight of LSD based upon the Amendment 488 uniform weight for the purposes of the Mandatory Minimum Statute unless the Supreme Court or the Congress revisits the issue or the Eleventh Circuit holds otherwise. For the above stated reasons, Defendant's Motion to Resentence is **DENIED.**